And our final case for argument this morning is United States v. Tyler Thompson. Mr. Pennington, welcome back. Good afternoon. I think it's still morning, but good morning. May it please the court. Chair Pennington on behalf of the appellant in this matter, Mr. Tyler Thompson. This is a case where the district court imposed a 235-month custodial sentence when the statutory maximum was almost equal to that at 240 months. And that was based on Mr. Thompson's very limited criminal history and based on what we think are some inappropriate factors the district court considered at sentencing. I would like to start before the merits on the issue of waiver. I don't think that this is a case where the court can apply waiver. The government cited that in their response. I think waiver, generally the standard is whether waiver can be divined from the record at the sentencing hearing. And I don't think that this is the type of case where it could be divined from that. The trial counsel specifically said that he wanted to preserve Mr. Thompson's appellate rights. He specifically said that. I understand that there was some colloquy about mitigation and the district court's treatment of the mitigation. But I don't think that the timing of that particular colloquy would demonstrate an intent for whatever strategic reasons trial counsel may have had of waiving the right to bring a meritorious appeal here. So initially I do not think that this case would be procedurally barred under the waiver doctrine. We cited the Patel case. That's a case where there was a waiver to be found, although the colloquy was, I think, fairly similarly situated in the sentencing hearing as here. It was before the finding. It was before the actual imposition of the sentence and before the discussion of the notice of appeal. I think there were specific facts unique to that case. I think as a general principle, the court should apply the Garcia standard, and that is you look to whether there's a waiver as it relates to after the imposition of sentence but before the notice of appeal is considered. I think under these facts we don't have waiver. So, Mr. Pink, I guess my question is what is really the real-world difference? I mean, if the judge before the judge announces the sentence says, you know, have I addressed each of the mitigating arguments of mitigation or is there anything I've left out? And defense counsel says, no, judge, you've addressed all of them. Okay, well, then here's my sentence versus this is my sentence. By the way, before I denounce my sentence, did I address all of your points in mitigation? What's the difference? I think the distinction is just that, Your Honor, that it's really difficult for trial counsel to know how the mitigation is being addressed. It needs to be assessed before the sentence has actually been announced. But that's kind of a weighing concern of the mitigation factors, right, versus I kind of think of the question, you know, I think the judge said, have I adequately addressed each of the parties' respective arguments. To me, that rings more of kind of a procedural checking of the box. Okay, so you raised five arguments in mitigation. Did I at least address them all? Isn't that different from what you're saying, which is how a judge weighs the various arguments in order to arrive at the eventual sentence? I think there is a distinction here, Your Honor. And so would you agree that the defense counsel at least waived the first item, that is, the checking the box? That the judge correctly – whether the judge actually dealt with all of the mitigation arguments that defense counsel raised? Would you agree that that is waived? I would say, Your Honor, that to the extent anything could be gleaned to have been waived here, it is the portion of the hearing where the trial counsel and the district court engaged in the discussion. And the trial counsel said, yes, Your Honor, you have considered those. But I don't think he's waiving them for the – I think he's addressing to the court, yes, I've raised these issues. I understand that you have considered them. But I don't think that that's waiver from this particular record, saying that there's no intent to raise an appeal moving forward. If that answers your question, Your Honor. Why doesn't it waive the procedural error argument about whether the judge adequately considered X, Y, Z arguments in mitigation and leaves only the substantive challenge about, as Judge Lee states, the judge's weighing of all of the inputs into the sentence and in determining the appropriate sentence? It leaves you with your substantive argument that eliminates all the procedural arguments. Your Honor, I think because the procedural arguments include whether the district court considered the extraneous facts or whether it relied on improper or erroneous factual material, that's part of the procedural analysis. I think that is slightly different here than weighing. When the district court asked Mr. Thompson's trial counsel, have I – I think what the trial counsel is trying to say is, yes, you broached my argument, but I don't think what he's trying to say is, you haven't not relied on some fact that we would consider improper. And I think that would constitute no procedural waiver here. Well, the only thing that happened after that colloquy, the waiver colloquy, is the pronouncement of sentence, right? I think there was additional material after the colloquy, after the specific discussion of whether I've weighed it. Then it's the point where the district court – I should say that's when the district court began to engage in what I would say was its weighing of the sentencing factors. So I think there was something that happened subsequent to the discussion of the district court asking trial counsel, have I considered your mitigation arguments? Also, Your Honor, the district court here failed to address the sentencing. The district court certainly imposed a guideline sentence, understandably. But the difference here is the district court didn't consider the defense counsel's argument at the raise of the sentencing is that there's a fundamental flaw in this particular sentencing regime when it relates to the predicate issues here and the conduct issue. The trial counsel said, and he offered the report, saying that the sentencing commission itself is saying that this particular sentencing guideline has major flaws. It's somewhat outdated, and it's not necessarily rooted in the current national experience or in empirical data. That was the report that was proffered in addition to the sentencing memorandum, and the district court just simply didn't consider it. There was a discussion of the factors of content, community, and conduct, but he didn't look at the thrust of the defense counsel's argument, and that was specifically, this is a flawed sentencing guideline, and it's not based in empirical reality. So the district court didn't engage with that discussion of any kind. Additionally, we raised a procedural argument about whether the district court considered what we would say were extrinsic or extraneous facts. That's the finding of the district court, that Mr. Thompson was not under the influence when he engaged in the conduct. Their argument effectively was this was not an abuse of discretion, that there was two plausible realities here. I would say the facts show that there really is one reality that was available to the district court, and that is that he cannot make a determination about whether Mr. Thompson was under the influence at the time he engaged in conduct. It's simply unknowable. I think it is fair to say that the district court speculated in making that finding that he's under the influence. The testimony from the agent, from Adrian McAdams, was simply, I don't know. He also indicated that he's not an expert. He didn't engage in the online investigations. He's not an expert on the platform that was used to kick online platform. Agent McAdams, just like the court, just like everyone there, really wasn't in a position to determine whether Mr. Thompson was under the influence or not. I would save my remaining time for rebuttal. Thank you. Mr. Whalen. May it please the court. Good afternoon, Your Honors. Nathaniel Whalen here on behalf of the United States of America. I think there's some confusion about the arguments being raised here. We kind of have three different streams. We have the, have you considered my principal arguments in mitigation procedural question. I think defense counsel's rightly conceded that's been waived at this point. That's waived at page 60 and 61 of the sentencing transcript. There's no further weighing of the 3553A factors after that. All Judge DiGiulio does at that point is say, and this is the sentence I'm going to impose. Judge Lee, to your question about what's the real world difference between asking that before saying here's the sentence and after, is I'd say Judge DiGiulio is in a position now where if he did miss a principal argument in mitigation, he can consider that before he announces his sentence. So, you know, instead of saying I'm going to impose a 235 on sentence now if I considered your principal arguments, he says, you know, here are the 3553A factors. Have I considered them? Defense says yes. He says, okay, phew, I didn't miss anything. If he had missed something, he could have factored it in and changed the sentence. This is a clear cut instance of waiver for principal arguments in mitigation. If this court is going to adopt defense's reasoning and say that you have to ask the question after imposing the sentence, I think it would be useful for the district courts to say that timing is dispositive, but that's not consistent with this court's case law. It's not consistent with the principles. It's not consistent with real world analysis. So that's the first procedural argument. The second procedural argument is did the district court rely on clearly erroneous facts? That's not waived. The district court didn't say, you know, did I rely on all clear facts or clearly correct facts? The court asked a specific question, have I adequately addressed each party's respective arguments, including any made in mitigation? I don't think the defendants waived an argument that the court relied on a clearly erroneous fact, but the court didn't rely on a clearly erroneous fact. As Agent McAdams testified, if an individual is going to be under the substance abuse, you know, under the influence of substances at the time, it's probably going to be incoherent text messages. And defense counsel conceded that point when questioned by Judge DiGiulio. Defense counsel concedes, Judge, we agree with you. It probably would be incoherent. And Judge DiGiulio says, okay, well, none of these are incoherent. So it seems the defendant was not under the influence of drugs at the time that he made these chats. Additionally, he tells probation that he's using meth once a month, reproduced 15 days roughly of texts. So kind of as a matter of common sense, he's not under the influence of drugs when he's sending all of these texts. Then there's the third kind of line of argument that I believe defense is raising as to whether the district court appropriately weighed the 3553A factors and weighed the mitigation arguments. That's also not waived. If a defense argues that, you know, Judge, you should impose a lower sentence, the judge doesn't, that's preserved. That's what this court has said. That's a substantive argument. Here, Judge DiGiulio extensively went through the 3553A factors. It talked about how this particular defendant distributed CP, was told by FBI to stop. Four months later, he's doing it again. And he has what Judge DiGiulio describes as some disgusting materials on his particular devices. Judge DiGiulio imposed a within-guidelines sentence. It wasn't substantively unreasonable. Unless this court has any further questions on any of these issues, we would ask that you affirm the sentence. Thank you. Thank you. Thank you. Mr. Pennington. Thank you, Your Honor. To begin, I don't think that the record reflects that defense counsel at trial said it would be incoherent. I think the reflection, and this is a very granular distinction, I'm just offering it for context,  I don't think he said it would demonstrate incoherence in typing. You know, I mean, the reality is you have someone who says they're using monthly, but they also have this demonstrated history of use. And the district court here ordered more further treatment. I think the record's just simply incomplete as to whether once a month. It certainly could have possibly been related to the time in which he's engaged in the prohibited conduct. It's speculation to say that it isn't. I'd also say that the government's argument is that district judge went through 3553A factors exhaustively. I would disagree with that. He didn't go through Mr. Thompson's history of sexual abuse in the way that the record should have reflected. When he analyzed Mr. Thompson's history of sexual abuse, he did so in a way where he considered the government's claim and it didn't occur, the discounting of it. At that point, the PSR was adopted. Those facts were assumed by the court. And there was nothing for the government to contest anymore that the actual sexual abuse had occurred. I don't think you could say that the district judge here exhaustively weighed the sentencing factors, that particular history and characteristic of this defendant, and that history of abuse and how it may have informed his conduct here without giving it the type of weight it needed. And that was saying something more than, I've looked at it, but the government discounts it. That wasn't sufficient here. This is a fairly protracted history of abuse that Mr. Thompson had. It allegedly went from the time he was eight until he was 14, and it was the defense's principal mitigation argument. It demanded more treatment than that. So I would disagree that we have an exhaustive analysis of the 3553A factors. And for those reasons, we would ask that this court reverse and remand. This is a very high sentence. This is 235 months, almost 240 months for someone who has very limited criminal history, one scorable criminal history point. That's almost at the statutory max. We think that was an abuse of discretion. Thank you, Your Honor. Thank you very much. Our thanks to both counsel. The case is taken under advisement. And that concludes our argument calendar for the day. The court is in recess.